# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES of AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 07-20097-CM |
| **CESAR GONZALEZ-BARRANDEY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

This case is before the court on defendant Cesar Barrandey's *pro se* Motion for Sentencing Adjustment (Doc. 61). For the reasons that follow, the court denies the motion.

On August 12, 2008, defendant pleaded guilty to Count 2 of a three-count indictment pursuant to a plea agreement. In exchange for his guilty plea, the government agreed to dismiss the remaining charges and recommend a guideline sentence. Defendant agreed not to request a variance, and waived his right to appeal or collaterally attack his sentence. On February 19, 2009, the court sentenced defendant to the statutory mandatory minimum sentence of 60 months imprisonment for Count 2, and 24 months supervised release. The remaining counts were dismissed.

On September 17, 2009, defendant filed the instant motion, arguing that his sentence must be reduced by six months. According to defendant, his status as a "deportable alien" gives rise to collateral consequences. Specifically, it makes him ineligible for admittance into the residential drug abuse program, which, if he were allowed admittance, would have the effect of reducing his sentence. He also argues that, because of his status, he cannot serve any part of his sentence in a minimum security facility or halfway house, as contemplated by 18 U.S.C. § 3624. The government, on the other hand, argues that the court is without jurisdiction to grant the relief

requested.

Despite the liberal construction this court gives to plaintiff's motion, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001), the court agrees with the government. Federal Rule 35 sets out limited circumstances under which this court may correct or reduce a sentence, which include (a) within seven days of sentencing to correct clear error; or (b) on the government's motion for substantial assistance. None of these circumstances apply here.

Moreover, even if the court could adjust his sentence, defendant's arguments under *United States v. Restrepo*, 802 F. Supp. 781 (E.D.N.Y. 1992), do not entitle him to the adjustment he seeks. In that case, the district court held that a downward departure from the applicable guideline sentence was appropriate for defendant Restrepo, a permanent resident alien, because defendant would serve a sentence under circumstances more severe than those facing citizens under similar circumstances based on his status as a deportable alien. The Second Circuit vacated the sentence and remanded for resentencing, holding that, although "collateral consequences of a defendant's alienage" might provide a valid basis for departure if "extraordinary in nature or degree," the bases raised by Restrepo and relied on by the district court did not justify the departure. These are the same bases defendant attempts to raise in the instant case. *See United States v. Restrepo*, 999 F.2d 640, 645 (2d Cir. 1993). Based on the holding and rationale set out in that opinion, defendant is not entitled to relief. *Id.* at 644–47.

**IT IS THEREFORE ORDERED** that defendant's Motion for Sentencing Adjustment (Doc. 61) is denied.

Dated this 5th day of November 2009, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**